UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FORTRESS SECURE SOLUTIONS LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ALARMSIM LLC, a North Carolina limited liability company; RICKIE GUTHRIE, JR., an individual; RICKIE D. GUTHRIE, an individual; and EDUARDO E. RAMIREZ, an individual,<br><br>Defendants. | Case No:   4:17-CV-5058-TOR<br><br>**NOTICE SETTING TELEPHONIC SCHEDULING CONFERENCE** |

**TELEPHONIC SCHEDULING CONFERENCE**

**DATE:  9/7/2017    TIME: 1:45 p.m.**

Counsel and pro se parties shall call the following telephone number on the date and time indicated for a mandatory **telephonic** Scheduling Conference before Judge Thomas O. Rice.  **All pro se parties and an attorney substantively familiar with the case must participate in the telephonic scheduling conference.**

**PHONE NUMBER:  (888) 684-8852
ACCESS CODE:     8204178
SECURITY CODE:  5058**

**The use of cellular or speaker phones is not permitted for telephonic proceedings.**

Notice Setting Telephonic Scheduling Conference - 1

Rule 26(d)(1) prohibits a party from seeking discovery from any source before the parties have had their Rule 26(f) conference.  The parties shall make their Rule 26(a)(1) initial disclosures at or within 14 days after this Rule 26(f) conference.

To ensure that discovery and trial preparation advances efficiently, counsel and pro se parties shall discuss each and every one of the following subjects during the Rule 26(f) conference and then file a combined report addressing <u>each one of these subjects</u> not less than 14 days before the Scheduling Conference:

    a.   whether jurisdiction and venue exist and, if they do exist, the basis for each;

    b.   whether service of process is complete and, if not, a deadline for completion;

    c.   a brief description of the claims and defenses;

    d.   whether a statute's constitutionality is being challenged, see Fed. R. Civ. P. 5.1, and whether the required notice has been provided;

    e.   whether any issues should be certified to a state supreme court;

    f.   suggested deadline for adding additional parties, amending the pleadings, and seeking class certification;

    g.   whether all non-government corporate parties have filed the necessary ownership statement, see Fed. R. Civ. P. 7.1;

    h.   whether the case involves a minor or incompetent party and whether the appointment of a guardian ad litem is necessary, see LR 17.1;

    i.   discovery:
- confirmation that initial disclosures, see Fed. R. Civ. P. 26(a)(1), will be accomplished by the time of the hearing;
- subjects on which discovery may be needed;
- any issues about preserving discoverable information, including electronically stored information;
- claims of privilege, protection of confidentiality, and proposed confidentiality agreements;
- proposed agreements reached under Fed. R. Evid. 502;
- proposed modifications to the standard discovery procedures, including bifurcation and/or consolidation of discovery, or an increase in the allowed number of depositions (10), interrogatories (25), requests for production (30), or requests for admission (15);
- suggested expert disclosure deadlines; and
- suggested discovery cut-off;

Notice Setting Telephonic Scheduling Conference - 2

j.  anticipated motions and suggested dispositive motion filing deadlines;

k.  trial:
- whether a jury has been requested. In cases removed from state court in which a party desires a jury trial, **<u>a jury demand shall also be filed no less than 14 days prior to the scheduling conference</u>**;
- suggested trial date(s) and suggested location;
- anticipated length of trial;
- requests for bifurcation; and
- the need for special audio/visual courtroom technology;

l.  the likelihood for settlement and the point at which the parties can conduct meaningful dispute resolution, and

m.  any other matters that may be conducive to the just, speedy, and inexpensive determination of the action.

Dated:   July 20, 2017

                    SEAN F. McAVOY, DISTRICT COURT EXECUTIVE CLERK

                        *s/Linda L. Hansen*
                        Courtroom Deputy

All Counsel/Pro Se Parties